UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 09-171

JAMAL DERRICK HUDSON                    SECTION: R

**ORDER AND REASONS**

Before the Court is defendant's motion for review of the Magistrate Judge's ruling on the defendant's second motion to compel.[1] Because the Magistrate Judge's decision was not clearly erroneous or contrary to the law, the Court DENIES defendant's motion and AFFIRMS the Magistrate Judge's ruling.

**I. Background**

Jamal Derrick Hudson was indicted for conspiracy in violation of 18 U.S.C. §§ 1029(a)(2), 1344 and 371, access device fraud in violation of 18 U.S.C. §§ 1029(a)(2) and 2, and bank fraud in violation of 18 U.S.C. §§ 1344 and 2.[2] The Government alleges that Hudson participated in a conspiracy to obtain wireless cellular telephone equipment and services from Alltel Communications, Inc. through the use of identity, access device, and bank fraud with a resulting loss to Alltel of approximately $171,000.

---

[1] R. Doc. 147.

[2] R. Doc. 136.

On February 14, 2011, one of the defendant's previous attorneys, Cameron Eshani-Landry, filed a motion to compel.[3] The Magistrate Judge denied defendant's motion as deficient because it did not contain a certification that counsel attempted to resolve their disputes before filing the motion to compel.[4] On September 27, 2011, the defendant filed a second motion to compel.[5] Defendant now moves to appeal the Magistrate Judge's decision.  He asserts that the Government should be required to provide the required time, date and place of the alleged offenses and the location of the origination of the calls allegedly made by the defendant.[6]  The Government asserts that it does not possess this information and cannot provide it.  The Magistrate

---

[3] R. Doc. 57.

[4] R. Doc. 59.

[5] R. Doc. 121.

[6] This information was part of defendant's discovery request in paragraph 9 of the second motion to compel which states: "Counsel for the government supplied mover with notes regarding call monitoring of the phone calls of a person known as Kelly Bassett who the government claims is the same person as Jamal Hudson.  The government did not provide the place of origination of the phone calls even though it is totally capable of doing so.  Failure and refusal by the government to provide the requested information deprives the defendant of any possible alibi defenses because he will be unable to show that he was in a different place than the one from where the call originated." (R. Doc. 121).

Judge held that the Government's responses concerning this information were sufficient.[7]

**II. Standard of Review**

Defendant's motion is an appeal from the Magistrate Judge's Order. The standard under which a district court reviews the decision of a magistrate judge varies depending upon the type of decision rendered. For orders relating to "nondispositive" matters, a district court reviews the magistrate judge's decision under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CRIM. P. 59(a). For recommendations relating to "dispositive" matters, the district court must review the magistrate's decision *de novo*. FED. R. CRIM. P. 59(b). Discovery -related motions fall within the first category of non-dispositive matters. *See FDIC v. LeGrand*, 43 F.3 163, 167 (5th Cir. 1995) (explaining that "the discovery motions in this case are the types of nondispositive discovery motions specifically authorized for pretrial determination by a magistrate"). Accordingly, the Court reviews the Magistrate Judge's decision here under the "clearly erroneous or contrary to law" standard. To prevail, the defendant must show not that the Magistrate Judge could have exercised his discretion and granted the discovery

---

[7] R. Doc. 143.

requests, but rather that defendant is entitled to the discovery as a matter of law.

**III. Discussion**

The rule governing discovery in criminal cases, Rule 16 of the Federal Rules of Criminal Procedure, provides in part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, *if the item is within the government's possession, custody, or control* and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant. Federal Rule of Criminal Procedure 16 does not require the Government is not required to produce information to a defendant that it does not possess.

FED. R. CRIM. P. 16(a)(1)(E)(emphasis added). The explicit language of the rule requires that the requested information be in the possession, custody or control of the Government. Rule 16 does not require the Government to provide a defendant with information that it does not possess. *See United States v. Amaya-Manzanares*, 377 F.3d 39, (1st Cir. 2004) (holding that Rule 16 "by its terms is directed to materials that the government actually possesses" and does not apply to documents until they are created) (citing *United States v. Kahl*, 583 F.2d 1351, 1354 (5th Cir. 1978) (upholding a district court's refusal to grant

4

discovery of statistical compilations because "[i]t clearly was not error to refuse to grant discovery of documents that did not exist.")); *United States v. Jones*, 1992 WL 366499, *5 (5th Cir. Dec. 4, 1992) (finding that the government's failure to disclose a written statement did not violate Rule 16 or the Jencks Act because the government never possessed the statement and did not know whether such a statement actually existed); *United States v. Cameron*, 672 F. Supp. 2d 133, 137 (D. Me. 2009) (holding that the Government was not required to disclose physical location and addresses of internet service provider's original server files or recorded data that were not within the Government's control).

Here, the Government asserts that it does not possess information documenting the place of origination of the phone calls. The defendant has not made any representations or presented any evidence that would allow the Court to conclude otherwise. Rather, defendant broadly asserts that he has not been supplied with the information necessary to defend himself, including the alleged places where the offenses were committed. Defendant's argument seems in part to be based on an assertion that the government's written demand for notice of any alibi defense is deficient under Federal Rule of Criminal Procedure 12.1. If evidence is not discoverable under Rule 16, that evidence remains undiscoverable even if it relates to an alibi defense. *See United States v. Jones*, 255 F.3d 916, 918 (8th Cir.

2001) (holding that the Government's failure to disclose jail records was not a discovery violation because the documents were impeachment evidence not discoverable under Rule 16 or Rule 12.1); 24 MOORE'S FEDERAL PRACTICE – CRIMINAL PROCEDURE § 612.1.02 ("Rule 12.1 does not affect other discovery obligations under Rule 16."). The defendant does not provide any authority to support his claim that in this case the Government's written demand under Rule 12.1(a)(1)(A) must include the location from which cell phone calls originated. Even if the Government's Rule 12.1 request was deficient, the defendant does not explain how the remedy for this deficiency could be the production of discovery materials the Government does not possess. The defendant has not met his burden of demonstrating that the Magistrate Judge's decision was clearly erroneous or contrary to law. Accordingly,

The Court DENIES defendant's motion and AFFIRMS the Magistrate Judge's decision.

New Orleans, Louisiana, this __24th__ day of October, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE