UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 09-171 |
| JAMAL DERRICK HUDSON | SECTION: R |

# **ORDER AND REASONS**

Before the Court are two motions *in limine* submitted by the Government. After reviewing the motions, the oppositions and the relevant law, the Court GRANTS the Government's motion to exclude all evidence and argument related to potential sentences and to instances of the defendant's law-abidingness or "good deeds."

## **I. Background**

Jamal Derrick Hudson was indicted for conspiracy in violation of 18 U.S.C. §§ 1029(a)(2), 1344 and 371, access device fraud in violation of 18 U.S.C. §§ 1029(a)(2) and 2, and bank fraud in violation of 18 U.S.C. §§ 1344 and 2.[1] The Government alleges that Hudson participated in a conspiracy to obtain wireless cellular telephone equipment and services from Alltel Communications, Inc. through the use of identity, access device, and bank fraud.

---

[1] R. Doc. 136.

The Government now moves to exclude all evidence, argument, references or inferences relating to (1) potential sentences the defendant may face; and (2) instances of the defendant's law-abidingness or "good deeds". The defendant opposes these motions.[2]

## II. Discussion

*A. Potential Sentences the Defendant May Face*

It is well-established that "the jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975); *see also United States v. Shannon*, 981 F.2d 759, 761 (5th Cir. 1992)("The well-established general principle is that a jury has no concern with the consequences of its verdict."). Issues related to sentencing are irrelevant to the jury's determination of guilt. It is therefore inappropriate for either party to make arguments concerning what sentence might be imposed if the defendant is found guilty. Accordingly, the Court GRANTS the Government's motion to exclude all evidence, argument, references or inferences relating to the defendant's potential sentence.

*B. Defendant's Law-Abidingness or "Good Deeds"*

The Government seeks to exclude references to instances of

---

[2] R. Doc. 151.

the defendant's law-abidingness or good deeds, particularly specific acts about the defendant's military service or employment history. The defendant argues that such evidence is admissible.

An accused may offer evidence of a pertinent character trait to prove action in conformity with that trait. FED. R. EV. 404(a)(1). "[A] pertinent character trait is one that is relevant to the offense charged." *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002) (citing *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981)). When evidence of a pertinent character trait is offered, it must be in the form of either reputation or opinion testimony. FED. R. EV. 405(a). Specific instances of conduct are not permitted unless the pertinent character trait is an essential element of a charge, claim, or defense. FED. R. EV. 405(b).

i. Military Service

The defendant asserts three grounds supporting the introduction of his military history. First, the defendant asserts that it is not possible to establish where the defendant was at the time of the alleged crimes without referring to his military background. The defendant seeks to introduce evidence that he regularly attended a veteran's clinic. His argument seems to be that his military background is admissible because it goes to an essential element of his defense. *See* FED. R. EV. 405(b). The indictment charges the defendant with crimes

involving access device fraud, bank fraud and conspiracy to commit both of these offenses. None of these charges requires the defendant's physical presence in a particular location. Accordingly, the defendant has not demonstrated that his presence at a veteran's clinic is relevant to his defense. *United States v. Rios*, 180 F.3d 262, 1999 WL 274637, at *1 (5th Cir. Apr. 19, 1999) (affirming a district court's decision to exclude evidence of the defendant's military record because the evidence was not relevant to a charge of making false statements to a federally-insured bank, or to his defense). References to the defendant's military record for the purpose of establishing that he was at a veteran's clinic on a particular date are inadmissible.

Next, the defendant asserts that his military background is necessary to establish that he was not known among those with whom he served as "Cali," "Kelly" or other names that the Government alleges refer to the defendant. The Government alleges that the names the defendant used in recorded cell phone conversations were employed specifically to hide his identity in order to continue the scheme undetected. Proof of the use of aliases is relevant to identifying the defendant as the perpetrator of the alleged offenses. *See United States v. Stowell*, 947 F.2d 1251, 1255 (5th Cir. 1991) (explaining that the Fifth Circuit has "long and consistently held that a defendant's attempt to conceal his identity from an arresting officer by the use of an alias is relevant as proof of consciousness of guilt.")

(citing *United States v. Kalish*, 690 F.2d 1144, 1155 (5th Cir. 1982)); *United States v. Glass*, 128 F.3d 1398, 1408 ("A defendant's use of an alias to conceal his identity...is relevant as proof of consciousness of guilt."); *United States v. Davis*, 1995 WL 6084664, at *4 ("If the government intends to introduce evidence of [defendant's] alleged aliases and if the use of those aliases arguably links [defendant] to the crime charged, then the evidence is certainly relevant and admissible."). That the defendant's army buddies did *not* refer to him using these aliases when he was in the military is not relevant to whether he allegedly used these aliases while engaging in the crimes charged. FED R. EV. 401. The Government contends that the defendant used the assumed names to hide his true identity. Indeed, it contends that there is evidence that the defendant insisted that his true name not be used in conversations concerning the alleged scheme. Hudson does not argue that any alleged co-conspirator was a former military buddy. That the defendant did not use these aliases while engaged in non-conspiratorial, legitimate activities is not probative of whether he used them to hide his true identity when engaged in illicit activities. Accordingly, the introduction of defendant's military history is inadmissible for this proposed purpose.

The defendant's final argument in support of the introduction of his military history is that it will establish that he is a heroic and honorable man, traits he claims are

relevant to the crimes charged. In determining which character traits may be relevant to this case, the Court notes that Hudson is charged with committing access device fraud and bank fraud. These charges require the Government to prove that the defendant acted with an intent to defraud. Certainly, the defendant’s truthfulness and veracity are relevant to these charges. The relevance of honor to the charges is not so evident. To the extent that being honorable can be analogized to being law-abiding, it may be relevant. *See United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981) (holding that a defendant’s law-abidingness is always relevant and rejecting a construction of Rule 404(a)(1) that precludes evidence of general traits). Even if it is relevant, honor is not an essential element of any claim or defense in this case. Accordingly, the proper way for the defendant to introduce evidence establishing his honorableness is through reputation and opinion testimony. *See United States v. Hill*, 40 F.3d 164, 169 (7th Cir. 1994) (explaining that the appropriate method for introducing character evidence of law-abidingness is by reputation or opinion testimony because “[s]pecific instances of law-abidingness...[are] admissible only if law-abidingness [i]s an essential element of the charge or defense”). Specific instances demonstrating the defendant’s character of honor are not admissible. The defendant, therefore, cannot introduce evidence of his military history in order to establish his honorableness. Heroism, the other character trait

the defendant argues his military background will establish, is not relevant to the charges in the indictment. The defendant cannot introduce his military background in order to establish this trait. *See United States v. Navarro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (affirming the district court's decision to exclude introduction of defendant's resume and other anecdotal proof of commendations received in military service because the traits they purported to show, including bravery, attention to duty, and community spirit, were not relevant to the charged offenses of mail fraud and perjury); *United States v. Warren*, 2010 WL 4668345, at *2-3 & n.3 (excluding photos depicting rescue operations in the aftermath of Hurricane Katrina in part because they did not demonstrate a character trait pertinent to the charged offenses of civil rights violations). Accordingly, evidence of the defendant's military record is not admissible.

<u>ii. Employment History</u>

The defendant also asserts that he should be able to introduce evidence related to his employment history at AT&T. The defendant again asserts that information is a necessary part of his alibi defense. The defendant may not introduce his employment history at AT&T in order to prove his physical location on the dates of the alleged offenses because his ability to commit the alleged offenses was not dependent on his being at a particular physical location. Hudson also argues that his employment history will help establish that he was not known as

“Cali” or “Kelly” by his co-workers. Hudson does not argue that any of his alleged co-conspirators was a co-worker. Here again, this use of his employment history is inadmissible. That Hudson was not known by the names “Cali” or “Kelly” by his co-workers when he was engaged in non-conspiratorial, legitimate pursuits does not tend to prove or disprove that he used those names to hide his identity during conversations in the alleged fraudulent scheme. His employment history is not relevant and is inadmissible for this purpose. FED. R. EV. 401.

The defendant also asserts that his employment history is admissible because “[i]t is certainly relevant that the defendant had access to over 2,000,000 accounts at AT&T and there was never a dime missing during the six year period while working there.”[3] The Fifth Circuit has specifically rejected the argument that lack of criminal intent may be demonstrated through specific acts evidence. Accordingly, even though this evidence may be relevant, its introduction is prohibited under Rule 405(b). In *United States v. Marrero*, 904 F.2d 251 (5th Cir. 1990), the defendant was charged with submitting false insurance claims to a government agency. She sought to prove that her character was inconsistent with the criminal intent required for the offense by introducing evidence showing that she sometimes rendered services free of charge. The Court held that introduction of this

---

[3] R. Doc. 151 at 2.

evidence was impermissible because "[t]he fact that Marrero did not overcharge in every instance in which she had an opportunity to do so is not relevant to whether she, in fact, overcharged as alleged in the indictment." *Marrero*, 904 F.2d at 260. In *United States v. Hill*, 40 F.3d 164 (7th Cir. 1994), the Seventh Circuit reached a similar conclusion. There, a postal worker was charged with embezzling a government check at her workplace. The Court held that evidence that the defendant did not take three "test letters" that were placed in her mail tray during the course of an investigation conducted by the postal authorities was inadmissible character evidence intended to portray the defendant's good character and negate her criminal intent. *Hill,* 40 F.3d at 168; *see also United States v. Cleveland*, 1997 WL 253124, at *2 (E.D. La. May 14, 1997) ("[A] defendant may not seek to establish his innocence ... through proof of the absence of criminal acts on specific occasions.")(citing *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990)). Here, too, the defendant seeks to introduce evidence that he had did not defraud AT&T during the course of his employment for the purpose of negating his criminal intent. Because lack of criminal intent may not be demonstrated through specific acts evidence, this evidence is inadmissible.

**III. Conclusion**

Based on the foregoing analysis, the Court GRANTS the

Government’s motion to exclude all evidence and argument related to potential sentences and to instances of the defendant’s law-abidingness or “good deeds”.

New Orleans, Louisiana, this 7th day of November, 2011.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE