UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 09-171

JAMAL DERRICK HUDSON                    SECTION: R

**ORDER AND REASONS**

Before the Court is a motion *in limine* submitted by the defendant to exclude hearsay statements contained in Rule 902(11) business record certifications and victim affidavits.[1] As the Court held in its Order granting the Government's motion to admit summary witness testimony and summary evidence,[2] the Rule 902(11) certifications are nontestimonial and are therefore admissible even if the records custodians do not appear at trial. Accordingly, the defendant's motion is DENIED in part. Because the Government asserts that it will not introduce the victim affidavits, the Court need not decide whether they are admissible.

**I. Background**

Jamal Derrick Hudson was indicted for conspiracy in

---

[1] R. Doc. 190.

[2] R. Doc. 189.

1

violation of 18 U.S.C. §§ 1029(a)(2), 1344 and 371, access device fraud in violation of 18 U.S.C. §§ 1029(a)(2) and 2, and bank fraud in violation of 18 U.S.C. §§ 1344 and 2.[3] The Government alleges that Hudson participated in a conspiracy to obtain wireless cellular telephone equipment and services from Alltel Communications, Inc. through the use of identity, access device, and bank fraud.

The defendant now seeks to exclude the admission of victim affidavits and affidavits of bank personnel authenticating financial institution business records. The defendant argues that the introduction of these out-of-court statements by individuals who do not testify at trial violates the Confrontation Clause. The Government opposes the defendant's motion. The Government asserts that it will not seek to introduce Alltel victim affidavits or financial institution victim affidavits through its summary witness as part of its summary evidence. The Government also argues that the Rule 902(11) certifications are nontestimonial and therefore admissible.

**II. Discussion**

*A. Rule 902(11) Certifications*

Federal Rule of Evidence 902(11) provides for the

---

[3] R. Doc. 136.

admissibility of a business record that would be admissible under Rule 803(6) when it is accompanied by a certification of a custodian or other qualified person that the record "was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; was kept in the course of the regularly conducted activity; and was made by the regularly conducted activity as a regular practice."  FED R. Ev. 902(11); *see also* FED R. Ev. 803(6) (allowing the admission of "records of regularly conducted activity" so long as the record was (1) "made at or near the time by, or from information transmitted by, a person with knowledge," (2) "kept in the course of a regularly conducted business activity," and (3) "it was the regular practice of that business activity to make the [record].").  The Government intends to use Rule 902(11) certifications from a custodian of the records for each financial institution that has records to be admitted in order to authenticate and lay the foundation for the financial institution business records.  The defendant argues that these certifications are testimonial and should not be admitted if the custodians are not available for cross-examination at trial.  As the Court held in its earlier Order, the 902(11) certifications are nontestimonial and do not implicate the Confrontation Clause. *See* R. Doc. 189 at 11-14 (relying on *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007) and *Melendez-Diaz,* 129 S.Ct. at

3

2539 to find that business record certifications are nontestimonial). The Court incorporates its reasoning in the earlier Order by reference here. Accordingly, the certifications are admissible.

*B. Victim Affidavits*

"[T]he Confrontation Clause prohibits (1) testimonial out-of-court statements; (2) made by a person who does not appear at trial; (3) received against the accused; (4) to establish the truth of the matter asserted; (5) unless the declarant is unavailable and the defendant had a prior opportunity to cross examine him." *United States v. Jackson*, 636 F.3d 687, 695 (5th Cir. 2011) (citing *United States v. Gonzalez*, 436 F.3d 560, 576 (5th Cir. 2006)). "To rank as 'testimonial,' a statement must have a 'primary purpose' of 'establish[ing] or prov[ing] past events potentially relevant to later criminal prosecution.'" *Bullcoming v. New Mexico*, 131 S.Ct. 2705, 2714 n.6 (2011)(quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)). In *Melendez-Diaz*, the Court held that a lab analyst certificate was a document created for an "'evidentiary purpose'... made in aid of a police investigation, ranks as testimonial." *Id.* at 2717 (quoting *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527, 2532 (2009)).

The defendant objects to the introduction of the victim affidavits that the Government produced to the defendant as part

4

of the discovery materials.  The Supreme Court in *Melendez-Diaz* said that affidavits "fall within the core class of testimonial statements" governed by the Confrontation Clause.  *Melendez-Diaz*, 129 S.Ct. at 2532.  But the Court instructed that the proper inquiry for determining whether a record is testimonial is whether it was created for the administration of an entity's affairs or for the purpose of establishing or proving some fact in a criminal prosecution.  *Id.* at 1239-40.  Here, two factors might make these affidavits nontestimonial in the sense used in *Crawford* and *Melendez-Diaz*.  First, at least arguably, the primary purpose of these affidavits was not to establish a fact in a criminal prosecution.  The primary purpose of the Alltel affidavits, as explained by Robert Davis during the suppression hearing, was to assist Alltel in its investigation of theft of its property.  The primary purpose of the financial institution affidavits, at least arguably, was to get the unauthorized charges reversed.  Second, these statements were given to private parties, not to government agents.  The Supreme Court has not resolved the issue of whether a government agent must be involved in producing the statement for it to be testimonial  *See Davis*, 547 U.S. at 823 n.2 (not reaching the question of "whether and when statements made to someone other than law enforcement personnel are 'testimonial.'"); *Michigan v. Bryant*, 131 S.Ct. at 1155 n.3. (noting that *Davis* "explicitly reserved the question of

5

'whether and when statements made to someone other than law enforcement personnel are testimonial[]'" and finding "no need to decide that question in this case either because [the] statements were made to police officers."). The Supreme Court's post-*Crawford* jurisprudence, however, has found testimonial statements only with such involvement. *See, e.g., Davis*, 547 U.S. at 817 (statements made to law enforcement personnel during a 911 call and at a crime scene); *Melendez-Diaz*, 129 S.Ct. at 2530-31 (sworn certificate produced by state forensic laboratory, on police request, concerning the result of testing of evidence seized by police); *Bullcoming*, 131 S.Ct. at 2717 (certificate produced by state laboratory required by law to assist in police investigation concerning the result of testing of evidence seized by police); *but see Jackson*, 636 F.3d at 697 (holding that a drug ledger was testimonial). On the other hand, the affidavits are formal statements of victims, and it would be foreseeable to the victims that their affidavits could figure into the prosecution of these offenses.

Because the Government asserts that it will not introduce either the Alltel victim affidavits or the financial institution affidavits, the Court need not decide whether these affidavits are testimonial and barred by the Confrontation Clause. Nor does the Court find that they satisfy any exception to the hearsay rule.

## III. Conclusion

Because the 902(11) certifications are admissible, the Court DENIES defendant's motion in part. Because the Government does not seek to introduce the victim affidavits, the Court declines to reach the issue of their admissibility.

New Orleans, Louisiana, this __7th__ day of November, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE