UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 09-171

JAMAL DERRICK HUDSON                        SECTION: R


**ORDER AND REASONS**

Before the Court is defendant's motion for release pending sentencing in this matter.[1] Because the defendant has not demonstrated by clear and convincing evidence that he is not a flight risk, the Court DENIES the motion.

**I. Background**

On November 11, 2011, defendant Jamal Hudson was convicted of all counts of a ten-count indictment that charged him with conspiracy to traffic in unauthorized access devices and to defraud federally insured financial institutions in violation of 18 U.S.C. § 371, access device fraud in violation of 18 U.S.C.A. §§ 1029 and 2, and bank fraud in violation of 18 U.S.C. §§ 1344 and 2.[2] Upon Hudson's conviction, this Court revoked bond and remanded him to the custody of the United States Marshal pending sentencing. Hudson's sentencing is scheduled for March 7, 2012.

---

[1]     R. Docs. 215, 221.

[2]     R. Doc. 212.

The defendant then filed a motion for release from custody.[3] On December 23, 2011, the defendant filed a motion to expedite his motion for release.[4] The Government opposes defendant's motion.[5]

**II. Discussion**

A defendant who has been convicted "shall" be detained pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1). The presumption under the statute is in favor of detention. *See* WRIGHT & MILLER, 3B FEDERAL PRACTICE & PROCEDURE, § 767 (explaining that the Bail Reform Act, codified by 18 U.S.C. § 3143(a), "eliminates the presumption in favor of bail pending appeal, and instead provides that the judicial officer shall order a person found guilty of an offense ... detained, unless certain findings are made."). The defendant bears the burden of establishing that he will not flee or pose a danger. *See id*. ("[T]he burden of establishing that the defendant will not flee or pose a danger...lies with the defendant."); *United States v. Sudeen*, 2003 WL 21977170, at *1 (E.D. La. Aug. 14, 2003) ("The statute places the burden on the

---

[3] R. Doc. 215.

[4] R. Doc. 221.

[5] R. Doc. 222.

convicted defendant") (citing *United States v. Strong*, 775 F.2d 504, 505 (3d Cir. 1985) ("Unlike a defendant who has not yet been convicted....once a defendant has been convicted, albeit not yet sentenced, the burden shifts to defendant.").

Hudson has not met his burden of demonstrating by clear and convincing evidence that he is not a flight risk. The Court recognizes that Hudson cooperated with pre-trial services and appeared for all proceedings. The defendant's situation after conviction, however, is different than it was before and during trial. Hudson now faces a long term of imprisonment for violating federal fraud statutes. He therefore has a powerful incentive to flee that did not exist before his trial. Further, Hudson and his family do not live in New Orleans, nor has he shown any ties to the New Orleans area that would ensure his presence at sentencing. Finally, Hudson's convictions resulted from a scheme in which he used stolen identification information, checking account numbers and access device numbers. Hudson's demonstrated ability to steal and use other people's identities indicates that he might be able to use a false identity to facilitate his flight. Because Hudson has failed to meet his burden under Section 3143(a)(1), he will remain in custody pending sentencing.

**III. Conclusion**

For the foregoing reasons, the Court DENIES the defendant's motion for release pending sentencing.

New Orleans, Louisiana, this __28th__ day of December, 2011.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE