UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 09-171

JAMAL HUDSON                                SECTION: R

**ORDER AND REASONS**

Before the Court is petitioner Jamal Hudson's motion to proceed *in forma pauperis* on appeal.[1] Because Hudson failed to state the specific issues he intends to raise on appeal, the Court DENIES Hudson's motion.

**I. BACKGROUND**

Hudson is presently incarcerated at the Federal Correctional Institution in Terminal Island, California after his conviction for bank fraud, conspiracy to commit access fraud, and access device fraud.[2] Hudson filed an appeal on May 25, 2012.[3] He now moves to proceed with his appeal *in forma pauperis*.

**II. STANDARD**

A plaintiff may proceed with an appeal *in forma pauperis* when he "submits an affidavit that includes a statement ... that

---

[1]   R. Doc. 258.

[2]   R. Doc. 256.

[3]   R. Doc. 252.

[he] is unable to pay such fees or give security therefor." 28 U.S .C. § 1915(a)(1). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *See Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988); *Williams v. Estelle,* 681 F.2d 946, 947 (5th Cir. 1982). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows,* 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch,* No. 08-417, 2008 WL 4873733, at *1 (E.D.Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

**III. DISCUSSION**

Hudson's motion to proceed in forma pauperis indicates that his current inmate account balance is $1.25, and his average monthly deposits for the preceding six months are $19.74. Hudson indicates that he receives veteran disability benefits in the amount of $123 per month, which is used to support his wife and three children.

Although Hudson's motion to proceed *in forma pauperis* suggests his inability to pay fees related to his appeal, his motion must be denied, because he has not indicated to the Court the issues he intends to pursue on appeal. A litigant who wishes to proceed *in forma pauperis* in the court of appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); 28 U.S.C. § 1915(a)(1) (requiring affidavit to "state the nature of the ... appeal and affiant's belief that the person is entitled to redress"). Hudson did not comply with this rule. His *in forma pauperis* motion and notice of appeal contain no indication of the issues that Hudson intends to present on appeal.[4] Without such specification, Hudson's *in forma pauperis* motion must be denied. *See McQueen v. Evans,* 1995 WL 17797616, *2 (5th Cir. 1995) (per curiam) (failure to present issue for appeal in an *in forma pauperis* motion constitutes abandonment of that issue); *see also McKinsey v. Cain,* 2011 WL 2945812 (E.D. La. July 15, 2011) (denying *in forma pauperis* motion that failed to specify the issues to be raised on appeal); *Smith v. Bd. of Brevard County,* 2010 WL 2026071, *1 (M.D. Fla. 2010) (same).

---

[4] *See* R. Docs. 258; 252.

3

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motion to proceed *in forma pauperis* on appeal. Petitioner may refile his motion with the necessary specification of the issues he intends to appeal.

New Orleans, Louisiana, this 17th day of August, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE